IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA MARTIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-1018-STA-jay |
| | ) | |
| JACKSON HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JESSICA MARTIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-1019-STA-jay |
| | ) | |
| BETTER WORLD PROPERTIES, | ) | |
| LLC, and ANN EWING, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation, recommending that the claims of generalized discrimination, Coronavirus Aid Relief and Economic Security (CARES) Act violations, breach of contract, and fraud in both cases (*Martin v. Jackson Housing Authority,* No. 1:23-cv-1018 and *Martin v. Better World Properties, LLC*, No. 1:23-cv-1019) be dismissed, while allowing Plaintiffs' procedural due process claim against Jackson Housing Authority in No. 1:23-cv-1018 to proceed. (ECF No. 12 in No. 1:23-cv-1018; ECF No. 11 in No. 1:23-cv-1019.) This results in the dismissal of 1:23-cv-1019.

Because Plaintiffs were permitted to proceed as a pauper, the Magistrate Judge reviewed the amended complaint (ECF No. 10) pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the Report to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the proposed findings or recommendations to which an objection is made. Objections must be specific; a general objection is not sufficient and may result in waiver of further review. *See Downs v. McDonough*, 2022 WL 411845, at *1 (M.D. Tenn. Feb. 9, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Here, Plaintiffs have failed to file any objections to the Magistrate Judge's Report within the requisite time. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Having reviewed the Magistrate Judge's Report and Recommendation and the entire record and finding no clear error, the Court **ADOPTS** the Report in its entirety.

*Martin v. Better World Properties, LLC*, No. 1:23-cv-1019, is **DISMISSED**, and the Clerk of the Court is **DIRECTED** to enter judgment in that case. All claims in *Martin v. Jackson Housing Authority*, No. 1:23-cv-1018, are **DISMISSED** except the procedural due process claim. Plaintiffs will be allowed to proceed in No. 1:23-cv-1018 on that sole claim.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  November 8, 2023